■ ROSARITA VERDIGLIONE, an Infant, et al., Plaintiffs, v. EUGENE ROSIGNOLO et al., Defendants. ROSARITA VERDIGLIONE, an Infant, et al., Appellants, v. RIDGE LUMBER, INC., et al., Respondents.— Motion for leave to appeal on a record pursuant to rule 5-c denied, without prejudice to the right of appellants to move for such relief before the trial court. (See *Jenks* v. *Murphy*, 21 A D 2d 346.)

# (September 24, 1964)

■ In the Matter of ALEXANDER A. PANSA et al., Appellants, v. ARMAND DAMIANO et al., Constituting the Zoning Board of Appeals of the City of Utica, Respondents.— Upon remission from the Court of Appeals, order unanimously affirmed, without costs of this appeal to any party. Memorandum: Our former decision was based upon a finding that the appellants had not timely taken their appeal to the Zoning Board of Appeals. In the light of the recent decision of the Court of Appeals herein (14 N Y 2d 356), we turn to the other issues in the case. We find that the determination of the Zoning Board of Appeals, which held that the space between the west wall of the new structure and the east line of appellants' property is a side yard and is not a rear yard within the meaning of section 4 of article VII of the Zoning Ordinance, is arbitrary and should be annulled. In all other respects the determination of the Zoning Board of Appeals is confirmed. (Appeal from order of Oneida Special Term dismissing the petition.) Present — Williams, P. J., Bastow, Goldman, Henry and Noonan, JJ.

■ In the Matter of MORRIS GARBER, Appellant, v. HENRY A. FISSELBRAND et al., Constituting the Board of Elections of the County of Onondaga, et al., Respondents.— Order unanimously affirmed, without costs of this appeal to any party. The respondent Board of Elections, is directed to forthwith serve notice of a drawing for a position on the ballot by lot as required in subdivision 1 of section 104 of the Election Law, the said drawing to be held not later than Monday, August 31, 1964. Memorandum: Subdivision 1 of section 104 of the Election Law has not been amended by the Legislature since the amendment of section 1 of article I of the State Constitution, effective January 1, 1960, authorizing the Legislature to provide that there shall be no primary election in the absence of a contest. Under the facts here presented, it is not necessary to pass upon the question as to whether in the absence of such a contest a demand for determination of position by lot shall be made upon notice of two days or a longer period (Election Law, § 104, subd. 1). (Appeal by petitioner from order of Onondaga Special Term dismissing the petition.) Present — Williams, P. J., Bastow, Goldman, Henry and Noonan, JJ. [Decision and order entered Aug. 26, 1964.]